**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| H. DALLAS JOHNSON, Personal Representative of the Estate, and next friend of BETTY JANE JOHNSON, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-10-00095-M |
| RESPIRONICS, INC. (RESPIRONICS), a Florida corporation; and LINCARE HOLDINGS, INC. (LINCARE), a Florida Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## **ORDER**

Before the Court is Defendant Lincare Holdings, Inc.'s ("Lincare Holdings") Motion to Dismiss and Brief in Support, filed February 1, 2010. Plaintiff filed no response.

I.  Introduction

On July 8, 2007, Betty Jane Johnson died of a massive heart attack. Plaintiff filed this cause of action on July 8, 2009, in the District Court for Oklahoma County, claiming a defective oxygen tank and/or machine, produced by Defendant Respironics, Inc. and provided and maintained by Lincare Holdings, caused the massive heart attack and subsequent death of Betty Jane Johnson. On January 22, 2010, Lincare Holdings filed a motion to dismiss in the District Court for Oklahoma County, and on February 1, 2010, removed this action to the United States District Court for the Western District of Oklahoma.

II. Discussion

Lincare Holdings contends that it does not have the requisite minimum contacts with Oklahoma for this Court to exercise personal jurisdiction over it. Further, "Lincare Holdings

submits that the product in question was supplied to Plaintiff's decedent by Lincare, Inc., which provides oxygen and respiratory therapy services," and that "Lincare Holdings and Lincare, Inc. are separate corporate entities with their only connection being that Lincare Holdings owns 100% of the shares of stock of Lincare, Inc." *See* Special Appearance and Motion to Dismiss of Defendant Lincare Holdings Inc. and Brief in Support at 2.

Lincare Holdings asserts that it is a non-resident holding company incorporated in Delaware with its principal place of business in Clearwater, Florida, and that "[i]t has no place of business of its own in Oklahoma and has no address, offices, phone number, employees, or agents authorized to accept service in Oklahoma. It does not conduct any business in Oklahoma." *Id.*

The Tenth Circuit has held:

> Where . . . there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Intercon Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

Further, "[t]o obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Id.* In Oklahoma, the "long arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, [therefore,] the personal jurisdiction inquiry under Oklahoma law collapses into the single due

2

process inquiry." *Id.*

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). When the cause of action does not "arise directly from a defendant's forum-related activities," a court may assert personal general jurisdiction over the defendant "based on the defendant's business contacts with the forum state." *Id.* at 1247.[1]

The Supreme Court of Oklahoma discussed the requirements for personal jurisdiction as they relate to non-resident holding companies in *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 152 P.3d 165 (Okla. 2006). In *Gilbert*, the court found it lacked personal jurisdiction over three of the four non-resident holding companies because there was no evidence "that the holding companies ha[d] any direct contacts with Oklahoma or that they exercise[d] more control over the Oklahoma defendants than that generally exercised by a parent company." *Id.* at 174.[2]

After reviewing Lincare Holdings' submissions, the Court finds, as the *Gilbert* court found, that Plaintiff has failed to establish that Lincare Holdings has the requisite minimum contacts with

---

[1] A plaintiff may also "assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Intercon*, 205 F.3d at 1247. Plaintiff does not assert specific jurisdiction in this case.

[2] As to the fourth non-resident holding company, the Oklahoma Supreme Court found personal jurisdiction existed because the holding company was "physically in Oklahoma through its employees' continuous, systemic contacts . . . [and it] exercised significant day-to-day control over the Oklahoma defendants through the supervisors." *Gilbert*, 152 P.3d at 174. Plaintiff, in this case, has presented no evidence that Lincare Holdings maintains continuous, systemic contacts through its employees, or exercises significant day-to-day control over Lincare, Inc. so as to create minimum contacts in the state of Oklahoma.

the state of Oklahoma for this Court to exercise jurisdiction over it. The Court finds that even though Lincare Holdings' wholly-owned subsidiary Lincare, Inc. does business in Oklahoma, Lincare Holdings has no employees or offices in the state, does not conduct business in Oklahoma, has no agents to accept service in the state of Oklahoma, and is not authorized to accept service for Lincare, Inc. Plaintiff has presented no evidence to controvert Lincare Holdings' submissions that it does nothing more than act as a parent company for Lincare, Inc. Therefore, the Court finds that Plaintiff has failed to establish a prima facie case that jurisdiction exists.

III. Conclusion

Accordingly, for the reasons set forth above, the Court finds that it does not have personal jurisdiction over Lincare Holdings. The Court, therefore, GRANTS Lincare Holdings' Motion to Dismiss for Lack of Jurisdiction and DISMISSES the instant action as to Defendant Lincare Holdings, Inc.

**IT SO ORDERED this 8th day of April, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE